UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                      )
**LEXINGTON INSURANCE COMPANY,**       )
**STARR SURPLUS LINES INSURANCE**      )           CIVIL ACTION
**COMPNAY, CERTAIN UNDERWRTIERS**   )
**AT LLOYDS, SUBSCRIBING TO POLICY**  )           NO. 18-10516-TSH
**B0801 15304U15, ALLIED WORLD**           )
**ASSURANCE COMPANY, LTD., ZURICH** )
**AMERICAN INSURANCE COMPANY,**       )
**CHUBB INSURANCE COMPANY,**              )
**CHUBB CUSTOM, GENERAL**                    )
**SECURITY INDEMNITY COMPNAY OF**   )
**ARIZONA AND CONTINENTAL**                )
**CASUALTY COMPANY, ALL AS**                )
**SUBROGEE OF BROOKDALE SENIOR**    )
**LIVING, INC., and BROOKDALE**              )
**SENIOR LIVING, INC.**                                 )
                                                       )
                                                       )
                         **Plaintiffs,**                )
                                                       )
                         **v.**                             )
                                                       )
**JOHNSON CONTROLS FIRE**                     )
**PROTECTION LIMITED PARTNERSHIP** )
**formerly known as TYCO**                        )
**SIMPLEXGRINNELL or**                            )
**SIMPLEXGRINNELL LIMITED**                 )
**PARTNERSHIP**                                         )
                                                       )
                         **Defendant.**                 )
_____)

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS (Docket No. 22)**

**November 9, 2018**

**HILLMAN, D.J.**

Plaintiffs Lexington Insurance Company, Starr Surplus Lines Insurance Company, Certain

Underwriters at Lloyds, subscribing to policy B0801 15304U15, Allied World Assurance

Company, Ltd., Zurich American Insurance Company, Chubb Insurance Company, Chubb Custom, General Security Indemnity Company of Arizona, Continental Casualty Company, and Brookdale Senior Living, Inc. ("Brookdale" and collectively with the preceding named-plaintiffs, "Plaintiffs") brought this action against Johnson Controls Fire Protection Limited Partnership formerly known as Tyco SimplexGrinnell or SimplexGrinnell Limited Partnership ("Defendant") for breach of contract and negligence.  Defendant moves to dismiss for failure to state a claim on which relief can be granted.  For the reasons stated below, Defendant's motion (Docket No. 22) is ***denied***.

## Background

The following facts are taking from Plaintiffs' amended complaint and are assumed true at this stage in the litigation. (Docket No. 18).  On November 19, 2015, Plaintiffs' insured, Brookdale, entered into a contract with the Defendant.  The contract required Defendant to maintain and regularly inspect the sprinkler systems on Brookdale's property.  In addition, the contract provided:

> To the fullest extent permitted by law, [SimplexGrinnell] shall defend, indemnify and hold harmless [Brookdale] . . . from and against [] damages, losses and expenses, including, but not limited to, reasonable attorneys' fees, arising out of or resulting from performance of the Work, provided that the claim, damage, loss or expense is attributable to . . . injury to or destruction of tangible property (other than the Work itself) but only to the extent caused by the negligent acts or omissions of [SimplexGrinnell.]

Upon Plaintiffs' information and belief, prior to February 15, 2016, the sprinkler system required maintenance because a compressor was failing to properly pressurize the attic's dry sprinkler system.  Defendant initially replaced the smaller compressor with a larger compressor in an attempt to rectify the problem.  This larger compressor, however, also had a problem keeping the system pressurized.  Defendant became aware that the compressor was not the cause of the problem and began looking for leaks in the attic's sprinkler system.

On or about February 15, 2016, one of Defendant's technicians was at Brookdale's property.  Upon Plaintiffs' information and belief, the technician was performing repairs related to the pressurization issue in the attic's sprinkler system.  While the technician was performing this work, a clapper valve in the dry system opened and released water into the system at a rate of 100 pounds per square inch.  The technician subsequently allowed the sprinkler system to run for approximately nine minutes.  As a result, a pipe fixture failed, which enabled water to escape into Brookdale's property causing extensive water damage.  The fitting that failed evidenced signs of oxidation, caused by condensation which was permitted to accumulate inside the pipe by the dry sprinkler's defective pressurization system.

Plaintiffs allege that the damage was caused by Defendant's failure to adequately maintain Brookdale's dry sprinkler system from known weather conditions then existing, namely low temperatures.

**Standard of Review**

A defendant may move to dismiss, based solely on the complaint, for a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S.Ct. 1955 (2007).  Although detailed factual allegations are not necessary to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S.Ct. 1955.  "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

In evaluating a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 68 (1st Cir. 2000).  It is a "context-specific task" to determine "whether a complaint states a plausible claim for relief," one that "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937 (2009) (internal citations omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  On the other hand, a court may not disregard properly pled factual allegations, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955.[1]

### Discussion

#### *1. Contract Claim*

To state a breach of contract claim, "plaintiffs must prove that a valid, binding contract existed, the defendant breached the terms of the contract, and the plaintiffs sustained damages as a result of the breach." *Brooks v. AIG SunAmerica Life Assur. Co.*, 480 F.3d 579, 586 (1st Cir. 2007).

---

[1] Defendant contends that "because Plaintiffs' allegations regarding SimplexGrinnell's alleged conduct before, and on the day of the loss are alleged upon Plaintiffs' information and belief, the Court is not required to accept them as true." (Docket No. 23 at 6).  The Second Circuit, however, has established what seems to be the emerging consensus: "The *Twombly* plausibility standard . . . does not prevent a plaintiff from pleading facts alleged 'upon information and belief' (1) where the facts are peculiarly within the possession and control of the defendant, or (2) where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010); *see also Menard v. CSX Transp., Inc.*, 698 F.3d 40, 44-45 (1st Cir. 2012) (noting that "'information and belief' does not mean pure speculation" and that "some latitude may be appropriate where a plausible claim may be indicated based on what is known, at least where . . . some of the information needed may be in control of [the] defendants.") (quotation marks and citation omitted).  Here, because much of the information pled with "information and belief" is within Defendant's possession and control, "modest discovery may provide the missing link." *Id.* at 45.  In these situations, "the district court has discretion to allow limited discovery and, if justified, a final amendment of the complaint." *Id.*

### a. Valid, Binding Contract

Plaintiffs' Amended Complaint states that, "[Brookdale] hired [Defendant] to provide maintenance to, and regular inspections of, its sprinkler systems located on the Property." (Docket No. 18 ¶ 17). Further, Plaintiffs note that "[o]n or about November 19, 2015, the Insured and SimplexGrinnell entered into a contract entitled 'Service Contractor Agreement Between Brookdale Senior Living Inc., and Joes Lang Lasalle Americas, Inc. and SimplexGrinnell, L.P.'" *Id.* ¶ 18. Finally, Plaintiffs contend that the contract, by its own terms "was valid from November 1, 2015 up to and until September 30, 2018, and it included the Property." *Id.* ¶ 19.

Defendant argues that a plaintiff seeking to recover for breach of contract must allege that "he himself adequately performed under the contract." *Debnam v. FedEx Home Delivery*, 2011 WL 1188437, at *1 (D. Mass. Mar. 31, 2011), *aff'd*, 766 F.3d 93 (1st Cir. 2014). Plaintiffs, however, note that prior to and on the date of the incident that caused water damage, Defendant's technicians were performing services pursuant to the contract. At this stage in the litigation, this Court must draw all reasonable inferences in Plaintiffs' favor. *Fothergill v. United States,* 566 F.3d, 248, 251 (1st Cir. 2009). Accordingly, the inference that Defendant would not have continued to perform on a contract that Plaintiffs had breached is certainly plausible, if not likely.

Thus, I find that Plaintiffs have pled with plausibility the existence of a valid and binding contract.

### b. Defendant Breached the Contract

Plaintiffs allege that that the contract required Defendant "to provide maintenance to, and regular inspections of, its sprinkler systems located on the Property." (Docket No. 18 ¶ 17). Further, the contract provided:

> To the fullest extent permitted by law, [SimplexGrinnell] shall defend, indemnify and hold harmless [Brookdale] . . . from and against [] damages, losses and

>expenses, including, but not limited to, reasonable attorneys' fees, arising out of or resulting from performance of the Work, provided that the claim, damage, loss or expense is attributable to . . . injury to or destruction of tangible property (other than the Work itself) but only to the extent caused by the negligent acts or omissions of [SimplexGrinnell.]

*Id.* ¶ 49.

Plaintiffs contend that Defendant was on notice of a problem with the sprinkler systems and it had previously failed to rectify them. Further, Plaintiffs note that on February 15, 2016, a technician was on Brookdale's property to perform repairs related to the pressurization issue in the attic's dry sprinkler system. Thereafter, catastrophic water loss occurred which caused extensive damage. Assuming Plaintiffs' allegations are true, Defendant failed to adequately perform its contractual duty to inspect and maintain the sprinkler systems. Consequently, there was clearly "injury to or destruction of tangible property" that was "caused by the negligent acts or omissions" of Defendant. Therefore, Defendant had a contractual obligation to indemnify Brookdale for the damage, which it did not.

Defendant points to *Doyle v. Hasbro, Inc.* for the proposition that a plaintiff must state the nature of an alleged contract with specificity in a breach claim. 103 F.3d 186, 195 (1st Cir. 1996). Defendant argues that "Plaintiffs' vague allegation" that Defendant failed to indemnify Brookdale "is precisely the 'conclusory' statement courts reject at the pleading stage because it lacks the requisite 'substantial certainty' regarding each parties' contractual rights and obligations." (Docket No. 23 at 6). In *Doyle*, however, the court noted that there was "no presentation of the terms of a contract, its duration, or even when it was formed. Nor does the Amended Complaint explain what obligations were imposed on each of the parties by the alleged contract." 103 F.3d at 195. Instead, the plaintiff in that case simply alleged that "[Defendant] and its executives failed to meet their contractual requirement." *Id.*

Although Plaintiffs did not attach the entire contract to their Amended Complaint, they have made a presentation of the relevant terms, its duration, and when it was formed. Further, Plaintiffs have explained some of the obligations imposed on Defendant by the contract. This is a far cry from the insufficient pleadings in *Doyle* that failed to state a claim. Thus, I find that Plaintiffs have also plausibly pled that Defendant breached the contract.

### c. Damages

Finally, Plaintiffs allege that as a result of Defendant's breach of contract and/or negligence, Brookdale's property incurred extensive water damage. The Plaintiff-insurers thereafter provided coverage to Brookdale for the loss.

I find that Plaintiffs have plausibly pled that Defendant's breach caused Plaintiffs to incur damages. Therefore, Plaintiffs have sufficiently pled all of the elements of their breach of contract claim.

### 2. Negligence

"A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2). Here, Plaintiffs have pled both negligence and breach of contract claims arising out of the same general factual background.

Defendant contends that its relationship with Plaintiffs was solely contractual and the alleged violation was of the contract, not of any common law duties. Defendant notes that Massachusetts courts have held that the breach of a contract, standing alone, does not support an independent tort cause of action. *See, e.g.*, *Anderson v. Fox Hill Vill. Homeowners Corp.*, 424 Mass. 365, 368, 676 N.E.2d 821 (1997) ("failure to perform a contractual obligation is not a tort

in the absence of a duty to act apart from the promise made.") (citations omitted); *Redgrave v. Boston Symphony Orchestra, Inc.*, 557 F. Supp. 230, 238 (D. Mass. 1983) ("a breach of contract is not, standing alone, a tort as well.").

Massachusetts law, however, "both civil and criminal, imposes on people a duty to act reasonably." *Commonwealth v. Levesque*, 436 Mass. 443, 449, 766 N.E.2d 50 (2002). Thus, while a breach of contract is not inherently unreasonable, "[i]t is settled that a claim in tort may arise from a contractual relationship" if a party breaches the duty to act reasonably while performing under the contract. *Parent v. Stone & Webster Eng'g Corp.*, 408 Mass. 108, 113, 556 N.E.2d 1009 (1990) (citation omitted). Thus, "[a]lthough the [underlying] duty arises out of the contract and is measured by its terms, negligence in the manner of performing that duty *as distinguished from mere failure to perform it*, causing damage, is a tort." *Abrams v. Factory Mut. Liab. Ins. Co.*, 298 Mass. 141, 143, 10 N.E.2d 82 (1937) (emphasis added); *see also Herbert A Sullivan, Inc. v. Utica Mut. Ins. Co.*, 439 Mass. 387, 395-96, 788 N.E.2d 522 (2003) ("When a party binds himself by contract to a work or to perform a service, he agrees by implication to do a workmanlike job and to use reasonable and appropriate care and skill in doing it.") (citation omitted); *Albert v. Zabin*, No. MICV200302830B, 2011 WL 1020090, at *2 (Mass. Super. Jan. 11, 2011) ("where a party to a contract performs its obligations negligently, a claim based on that negligent performance, 'while arising out of the contract, is in essence a tort.'") (quoting *Sullivan*, 439 Mass. at 396, 788 N.E.2d 522), *aff'd*, 81 Mass. App. Ct. 1109, 959 N.E.2d 458 (2012) (2011).

Therefore, in addition to its contractual obligations to maintain and inspect the sprinkler system, Defendant had a duty to act in a reasonable and in a workmanlike manner while performing these contractual obligations. Plaintiffs have alleged that Defendant failed to perform its

contractual duties reasonably and provided a sufficient factual basis in its Amended Complaint to make this allegation plausible.

## Conclusion

For the reasons stated above, Plaintiffs have plausibly demonstrated that they are entitled to relief under both breach of contract and negligence theories. Therefore, Defendant's motion to dismiss (Docket No. 22) is *__denied__*.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**